IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ERIC HORNE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 312-023 |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

On April 19, 2013, United States District Judge Dudley H. Bowen, Jr., remanded Plaintiff's application for Supplemental Security Income ("SSI") under the Social Security Act for consideration of new evidence under Sentence Six of 42 U.S.C. § 405(g). (Doc. nos. 20, 22.) Upon remand to the Acting Commissioner, Plaintiff received a favorable decision on his SSI application. (See doc. no. 32.) On January 26, 2015, Judge Bowen approved and adopted the decision of the Administrative Law Judge dated November 14, 2014, as the decision of the Court. (Doc. no. 36.)

Plaintiff now moves for $4,295.31 in attorney's fees and $17.85 in costs under the Equal Access to Justice Act ("EAJA"). (Doc. no. 37.) Plaintiff also requests that the Court direct Defendant to accept his assignment of EAJA fees and pay those fees directly to counsel if the United States Department of Treasury determines Plaintiff does not owe a

federal debt.  (Id. at 6.)  Defendant has not filed a response, and the Court therefore deems the motion to be unopposed.  See Loc. R. 7.5

In Astrue v. Ratliff, 560 U.S. 586, 589 (2010), the Supreme Court held, based on the "plain text" of 28 U.S.C. § 2412(d), that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States."  Based on Ratliff, the proper course is to "award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees."  Bostic v. Comm'r of Soc. Sec., 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011). Indeed, this approach has been followed in this District.  See Brown v. Astrue, CV 411-152, doc. no. 24 (S.D. Ga. Mar. 4, 2013) (awarding EAJA fees to plaintiff without directing payment to counsel despite plaintiff's assignment of award to counsel); Scott v. Colvin, CV 313-004, doc. no. 26 (S.D. Ga. Nov. 11, 2013) (same).

In accord with this practice, the Court awards the EAJA fees and costs to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States.  The Court leaves it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt." Bostic, 858 F. Supp. 2d at 1306; see also Robinson v. Comm'r of Soc. Sec., No. 8:13-CV-2073-T-23TGW, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury"); Griffin v. Astrue, 1:10cv115, 2010 WL 5211548, at *3 (W.D.N.C. Dec. 16, 2010) ("There is nothing in Ratliff to indicate that it is intended to divest the government of its discretion to enter into

direct payment arrangements where there is no debt to the government or where funds remain after satisfaction of such debt.").

The Court therefore **GRANTS** Plaintiff's motion and awards fees in the amount of $4,295.31 and costs in the amount of $17.85 (doc. no. 37), but the Court will not direct or approve the manner in which the EAJA award is to be paid.

SO ORDERED this 23rd day of February, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA